UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LASIKPLUS MURPHY, M.D., P.A. and DAVID MURPHY, M.D., individually | Case No. 4:10-CV-178 |
| | Judge Susan Webber Wright |
| Plaintiffs, | |
| v. | |
| LCA-VISION, INC. | |
| Defendant. | |

## STIPULATED, JOINT PROTECTIVE ORDER

IT IS HEREBY ORDERED, for good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern the handling of confidential, trade secret and/or proprietary information of Plaintiffs, LASIKPLUS MURPHY, M.D., P.A. and DAVID MURPHY, M.D. ("Plaintiffs") and Defendant, LCA-VISION, INC. ("LCA" or "Defendant") that may be produced or obtained by Plaintiffs or Defendant in this action.

1.  For purposes of this Order, Confidential Information means information that either a) a party owes a duty to third parties to maintain as confidential; or b) a party in good faith deems to constitute trade secrets or other confidential research, development, financial, commercial or proprietary information that is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials or devices. It shall be the duty of the respective parties, to the extent either wishes to invoke protection under this Order, to give notice in the manner set forth hereinafter, of the information and documents and testimony to be covered hereby, and the duty of

12137631.1

the opposite party to maintain the confidentiality thereof under this Order, commencing with such notice by the party seeking to invoke such protection in the first instance.

2.  Documents produced in the course of discovery herein (either formally or informally) which a party ("the first party") deems to contain Confidential Information, within the meaning of this Order, shall be designated as confidential by the first party at the time of production, and copies of documents or portions thereof deemed to contain Confidential Information shall be specifically identified and marked "CONFIDENTIAL" by the first party at the time of production. Additionally, within a period of no more than fourteen (14) days after disclosure of documents or other information not marked "CONFIDENTIAL," including at any deposition session or in connection with any third-party subpoena or document production, counsel for the first party may direct by written notice to counsel for the opposite party, which notice shall describe the contents of the disclosure(s) with specificity, that such documents or other information is/are being designated as Confidential Information under this Order by the first party.

3.  At any deposition session, upon any inquiry with regard to the content of a document containing Confidential Information, or when counsel for a party ("the first party") deems that the answer to a question will result in the disclosure of Confidential Information of the first party within the meaning of this Order, counsel, at his option, in lieu of taking other steps available under the Federal Rules of Civil Procedure in such situation, may direct the court reporter

to mark the transcript portion as "CONFIDENTIAL" and to provide both a full copy of the transcript and one from which the portions designated "CONFIDENTIAL" have been redacted. When such a direction has been given, the testimony shall be disclosed only to those individuals as specified in paragraphs 4 and 5 hereof, and the information contained therein shall not be used for any purpose other than for purposes of this suit. Counsel for the first party may also request that all persons other than the reporter, counsel and individuals as specified in paragraphs 4 and 5 hereof leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel for the first party to advise the witness that he need not answer the question.

4. All transcripts of any nature, exhibits, answers to interrogatories and requests for admissions, copies thereof, other documents and information obtained by a production of documents or an inspection of files, facilities or documents by counsel for the opposite party pursuant to pretrial discovery in this action that have been designated by the first party as comprising or containing its Confidential Information as provided above, shall be retained by counsel of record for the opposite party and shall not be disclosed, nor shall their contents be disclosed, to or used by any non-designating party or other person other than counsel for the opposite party, the members of their firm, their office personnel working on this case, and the officers, employees and representatives of the opposite party having a need to review such information for case preparation in this action.

5(a). Confidential Information may also be disclosed to the following: (i) Independent experts, consultants, or translators (not employed by or affiliated with the opposite party) retained for the purpose of this litigation and any necessary assistants and clerical employees under their direct supervision and employed by them or their employer or organization; (ii) outside vendors engaged by counsel in connection with this litigation to scan and/or code documents, perform microfiching, photocopying, computer classification or other similar clerical functions; and (iii) the Court, Court personnel, and stenographic reporters and videographers retained to record testimony given in this action.

(b)   A person not otherwise permitted under this Order to have access to Confidential Information may be shown, or interviewed or examined about, such information under the following circumstances:

(i)   A present employee or consultant of the producing person may be shown, or interviewed or examined about, any such information of the producing person.

(ii)   A former employee or consultant of the producing person may be shown, or examined or interviewed about, any such information relating to the subject matter of his or her employment or engagement by the producing person.

(iii)   A person having no present or prior affiliation with the producing person may be shown, or interviewed or examined about, such information that an attorney believes in good faith such an individual produced, received or participated in preparing.

(iv) Any prospective witness (other than an employee of a competitor of a party) and counsel for such prospective witness may be shown, interviewed, or examined about any such information provided such person agrees to be bound by this Order.

6. No person or party receiving any document or information designated as confidential under this Protective Order shall disclose such to anyone not specified in paragraphs 4 and 5 hereof, nor use such for any purpose other than for the purposes of this action (i.e., preparation for trial, trial and any pretrial or post-trial proceeding), without prior written consent of the first party or further order of this Court.

7(a). Counsel for the opposite party shall have the right to assert that any information designated confidential is, in fact, in the public domain. Any information which, prior to disclosure hereunder, is either in the possession or knowledge of the opposite party which, absent this Order, is under no restriction with respect to the dissemination of such confidential information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as confidential, shall be deemed to be in the public domain. The opposite party, to the extent it asserts that information designated confidential by the first party is in the public domain shall, prior to any disclosure (outside of the parameters of this Order) of such information designated confidential hereunder, either obtain the approval, in writing, of the first party, or the approval of the Court, to make such disclosure.

(b) This Order shall be without prejudice to the right of the opposite party or any person to bring before this Court at any time the question whether any particular information is or is not confidential, or whether such information is properly categorized.

(c) If any party determines it is necessary to file any Confidential Information with the Court or to refer to such information in filings with the Court, the party shall file such information under seal in accordance with the procedures of this Court.

(d) Prior to any hearing or trial, the Court shall determine the procedures, if any, governing the use of Confidential Information at such hearing or trial.

(e) The parties intend that this Order may be construed or modified by the Court as necessary to ensure that all issues are adjudicated in the light of all relevant material facts.

8. This Protective Order is intended to provide a mechanism for the handling of confidential information and documents to the disclosure or production of which there is no objection other than confidentiality. The first party reserves the right to object to any disclosure of information or production of any documents it deems confidential, or is not properly categorized, on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order in any particular circumstance.

9. This Protective Order is intended to regulate the handling of confidential information and documents during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court. This Protective Order may be amended without leave of Court by agreement of the parties in the form of a stipulation that shall be filed herein.

10. The Court retains jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications, and additions to this Protective Order, as the Court may from time to time deem appropriate.

11. Within sixty (60) days after final termination of this action, including all appeals, the opposite party shall be under an obligation to assemble and return to the first party all documentary material or memoranda embodying information still designated confidential, including all copies of such memoranda or documentary material which may have been made; or to certify that all such documents have been destroyed provided, however, that counsel of record may keep one copy of each document designated confidential for reference in the event of disputes over the use or dissemination of information designated confidential.

**STIPULATED AND AGREED:**

**LASIKPLUS MURPHY, M.D., P.A. and DAVID MURPHY, M.D.**

By: /s/ Bradford D. Box
    One of their Attorneys
Rainey Kizer Reviere & Bell PLC
105 S. Highland Avenue
P.O. Box 1147
Jackson, TN 38302-1147
(731) 426-8142 (Phone)
(731) 426-8150 (Fax)
bbox@raineykizer.com

*Counsel for Plaintiffs*

**LCA-VISION, INC.**

By: /s/ Marcia Voorhis Andrew
    One of their Attorneys
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838 (Phone)
(513) 381-0205 (Fax)
andrew@taftlaw.com

*Counsel for Defendant*

IT IS SO ORDERED this 30th day of March, 2011.

JUDGE SUSAN WEBBER WRIGHT